UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAKER CONCRETE CONSTRUCTION INC.,

    Plaintiff,

vs.

REINFORCED CONCRETE IRON WORKERS LOCAL UNION 372 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE STRUCTURAL, ORNAMENTAL, AND REINFORCING IRON WORKERS, *et al.*,

    Defendants.

Case No. 1:13-cv-225

Magistrate Judge Bowman

**MEMORANDUM OPINION**

This action is now before the Court on Defendant Reinforced Concrete Contractors Association's ("RCCA") motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) (Doc. 14) and the parties' responsive memoranda. (Docs. 18-20). The parties have consented to the exercise of jurisdiction by the Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 11). For the reasons set forth herein, the undersigned finds that RCCA's motion to dismiss is well-taken.

## I.    Background and Facts[1]

Plaintiff Baker Concrete is a corporation organized, existing, and duly qualified to do business in Ohio and is an employer engaged in an industry affecting commerce as defined in Sections 2(2), 501(1), and 501(3) of the LMRA, 29 U.S.C. §§ 152(2), 142(1), and 142(3), and within the meaning of Section 301, 29 U.S.C. § 185.

---

[1] As outlined in the Complaint. (*See* Doc. 1, Ex. A-F).

1

Defendant Local 372 ("the Union") is a labor organization representing employees in an industry affecting commerce, as defined in Sections 2(5), 501(1), and 501(3) of the LMRA, 29 U.S.C. §§ 152(5), 142(1), and 142(3), and within the meaning of Section 301, 29 U.S.C. § 185.

Defendant RCCA is a contractor association whose services include negotiating and entering into multi-employer collective bargaining agreements on behalf of employers engaged in an industry affecting commerce as defined in Sections 2(2), 501(1), and 501(3) of the LMRA, 29 U.S.C. §§ 152(2), 142(1), and 142(3), and within the meaning of Section 301, 29 U.S.C. § 185.

The Union and RCCA are parties to a multi-employer collective bargaining agreement ("CBA"), which RCCA negotiated on behalf of the individual employers who agreed to be bound by it. The current CBA between Local 372 and RCCA took effect on June 1, 2012 and expires on May 31, 2015.

In 2005, Plaintiff Baker Concrete was a signatory to the CBA, however, Plaintiff alleges that it is not a party to the current CBA between Local 372 and RCCA and has not employed any employees in the bargaining unit covered by the CBAs between Local 372 and RCCA for several years.

By letter, dated January 25, 2013, Baker Concrete notified Local 372 that it had no obligations under any collective bargaining agreement with Local 372 because Baker Concrete employed no employees performing bargaining unit work. Baker Concrete sent a copy of this correspondence to RCCA.

On January 30, 2013, Local 372 rejected Baker Concrete's notification as untimely under the termination terms of Article 40 of the 2012 CBA. Two weeks later,

Baker Concrete notified Local 372 that it was not bound to the 2012 CBA or its requirements regarding the timing for termination because Baker Concrete had not employed any employees in the bargaining unit covered by the CBA for several years. Baker Concrete sent a copy of this correspondence to RCCA.

On March 6, 2013, Local 372 filed a grievance against Baker Concrete; alleging Baker Concrete violated Article 23 of the 2012 CBA, which prohibits certain subcontracting of work within the CBA's territorial jurisdiction. A grievance committee composed of two RCCA and two Union representatives issued an award sustaining the Union's grievance against Baker, finding that Baker was bound by the CBA and had violated the subcontracting provision. The committee further ordered Baker Concrete to comply with the CBA and make restitution. On March 26, 2013, RCCA's Executive Director notified Baker Concrete of the award. (Doc. 1, Ex. F).

Thereafter, Baker Concrete filed the instant action, seeking an Order from the Court vacating the Grievance Committee's award. Baker Concrete also asked the Court to declare that it has no ongoing obligation to bargain with Local 372 because Baker Concrete employs no persons in the bargaining unit covered by the CBA. (Doc. 1, ¶22-25). RCCA now moves to dismiss Plaintiff's complaint, arguing that no claim has been stated against RCCA. (Doc. 14).

**II. Analysis**

**A. Standards of Review**

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

3

1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

  **B. RCCA's Motion to dismiss is well-taken**

RCCA asserts that there is no case or controversy involving RCCA and the only "real and substantial controversy" in this case is between Baker Concrete and the Union. RCCA has no dispute with either, and therefore has no part in this case. As such, RCCA now seeks dismissal, asserting that Plaintiff has failed to state a claim for relief as to RCCA.

In response to RCCA's motion, Plaintiff asserts that RCCA is a necessary party to this action as outlined in Rule 19 and therefore should not be dismissed. In this regard, Plaintiff maintains Baker Concrete seeks relief from a contract (*i.e.* the CBA) to which RCCA is a party. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C. Cir. 1983) ("[A]n action seeking rescission of a contract must be dismissed

4

unless all parties to the contract, and others having a substantial interest in it, can be joined."). Plaintiff contends that had it not joined RCCA, Local 372 might have moved under Rule 19 to dismiss the Complaint or the Court (*sua sponte*) might have dismissed the Complaint. Without RCCA in the lawsuit and ultimately bound by the Court's decision, Plaintiff argues that any relief awarded Baker Concrete may prove to be incomplete relief and result in additional litigation. Plaintiff's contentions are not well-taken.

Article III, Section 2 of the U.S. Constitution limits the exercise of judicial power to "cases" and "controversies." "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief . . . ." *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 270-41 (1937). Here, there is no case or controversy against RCCA. As such, the undersigned agrees that Plaintiff's complaint contains no plausible claim for relief against RCCA.

Contrary to Plaintiff's assertion, RCCA is not a required party under Fed. R. Civ. P. 19(a)(1). Fed.R.Civ.P.19(a)(1) provides that a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction "must" be joined if:

- (A) in that person's absence, the court cannot accord complete relief among existing parties; or

- (B) the person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may:

    - (I) as a practical matter impair or impede the person's ability to protect the interest; or

5

> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.*

Under the rule, federal courts apply a three-step analysis to determine: 1) whether the absent party is necessary to accord complete relief; 2) if necessary, whether joinder is feasible; and 3) whether, if joinder would destroy jurisdiction, dismissal is required after consideration of the equities in the case. *See Hooper v. Wolfe*, 396 F.3d 744, 747 (6th Cir. 2005); *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir.2004) ("Assessing whether joinder is proper under Rule 19 is a three-step process").

Here, the complaint asks the Court to declare that Plaintiff was not a party to the CBA at issue and to vacate the subsequent grievance award entered against it. As noted above, a grievance committee composed of two RCCA and two Union representatives issued an award sustaining the Union's grievance against Plaintiff, finding that Plaintiff was bound by the CBA and had violated the subcontracting provision. The grievance committee further ordered Plaintiff to comply with the CBA and make restitution. (Doc.1, ¶ 19, Ex. F). As noted by RCCA, the Joint Grievance Committee is an independent entity comprised of an equal number of employer and union representative that hears grievances based upon the merits of the matter in accordance with the terms of the labor agreement. (Doc., Ex. Art. 35 at 6). Thus, a joint grievance committee under a multiemployer collective bargaining agreement is "essentially an arbitral panel*.*" *See Teamsters Local No. 171 v. Keal Driveway Co.*,

173 F.3d 915, (4th Cir. 1999). As RCCA is not a party to the grievance award and it cannot vacate any such award.

Thus, RCCA's absence will not prevent the Court awarding Plaintiff's requested relief, *i.e.* declaring that Plaintiff is not a party or subject to the CBA and vacating the grievance award. Plaintiff cites to a number of cases in support of its assertion that RCCA is a required party. *See Wilbur v. Locke*, 423 F.3d 1101, 1113-14 (9th Cir. 2005), aff'd in part and rev'd in part on unrelated grounds by *U.S. v. Wilbur*, 67 F.3d 1160 (2011) (the general rule is that all parties to a contract are necessary parties in lawsuits seeking to invalidate the contract); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C. Cir. 1983) ("[A]n action seeking rescission of a contract must be dismissed unless all parties to the contract, and others having a substantial interest in it, can be joined."); *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir. 1999) (holding that a union was a necessary party under Rule 19(a) where the "action at bottom concerns the joint grievance panel's interpretation of the collective bargaining agreement . . ."). Such cases however, fail to establish that RCCA is a required party.

Notably, the cases related to contract rescission are inapplicable to the instant action. Here, Plaintiff is asking the Court to declare that it is not a party to the current CBA, it is not asking the Court to rescind that agreement. Additionally, in *Keal*, the Court determined that the Union, as the winning party to the grievance, was a required party in an action brought by another union (losing party of the grievance) seeking to vacate the grievance award. Unlike the winning Union in *Keal*, RCCA has no interest

7

in the grievance award and therefore has no interest in the outcome of this lawsuit. In light of the foregoing, the undersigned finds that RCCA is not a required to this action.

In sum, RCCA is not a required party to this action, nor the grievance award, and the complaint fails to seek any relief from RCCA. As such, the complaint fails to state a claim for relief as to RCCA.

### III. Conclusion

For the reasons stated herein, **IT IS ORDERED THAT** Defendant RCCA's motion to dismiss (Doc. 14) is **GRANTED** and RCCA is therefore terminated as a party to this action.

                                                  *s/Stephanie K. Bowman*
                                                  Stephanie K. Bowman
                                                  United States Magistrate Judge